JOHN L. GOULDEN et al., Plaintiffs-Appellants, v. MIDWEST EMERY FREIGHT SYSTEM, INC., et al., Defendants-Appellees.

(Nos. 56046, 56339 cons.;

First District (1st Division)—August 5, 1974.

James P. Chapman and Sandra W. Bixby, both of Chicago, for appellants.

Gerrard and Gerrard, of Chicago (Allen S. Gerrard and Michael A. Gerrard, of counsel), for appellees.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The plaintiffs, John L. Goulden and his wife Florence, appeal from a judgment entered upon a directed verdict for the defendants in a personal injury action arising out of a rear-end truck collision which occurred in Porter County, Indiana. This appeal has been consolidated with the plaintiffs' appeal from the denial of a petition for a new trial under section 72 of the Civil Practice Act. That petition urged that the judgment in favor of the defendants be vacated as it was based, at least in part, upon their amended and supplemental answer, which was filed after the close of all the evidence. The plaintiffs contend: 1) that the trial court improperly allowed the defendants to amend and supplement their answer after all the testimony had been concluded; 2) that the plaintiff John Goulden was not as a matter of law guilty of contributory negligence; and 3) that there was sufficient evidence for the jury to consider whether or not the defendants were guilty of negligence. We agree on contention 2 but not with 1 or 3 and therefore affirm.

At approximately 2:45 A.M. on April 2, 1965, the plaintiff John Goulden (hereinafter called the plaintiff) was driving a tractor-trailer eastbound from Chicago on Indiana State Highway No. 6 in Porter County, Indiana. The highway had no artificial lighting, but the night was clear and the pavement dry. The incident in question took place on a section of this highway known as Beverly Hill, which is approximately ¼-mile long, in two stages with a dip between the two major inclines. At the base of the hill the highway widens from two to three lanes, one westbound and the other two moving in an easterly direction. The speed limit on this portion of the roadway is 50 m.p.h.

At the time of the occurrence the plaintiff was proceeding up Beverly Hill, when he was passed by a beverage hauler which was owned by Beverage Transport of Milwaukee, Wisconsin, and driven by Mr. Jess Soncek. After passing the plaintiff, the beverage truck returned to the outside lane and was passed by an automobile. Immediately behind the plaintiff and moving up on the inside lane was a tractor-trailer unit driven by Edward Pullins, who was also an eyewitness to the incident. The defendants' vehicle, a tanker used to haul liquids, was ahead of Soncek's vehicle in the outside lane. Soncek testified that he passed the plaintiff at the beginning of the three-lane stretch of highway at the foot of Beverly Hill. He then returned to the outside lane between the plaintiff and the defendant Pollitt (hereinafter called the defendant) to permit an automobile to pass him. He then eased out and passed the defendant's vehicle and cleared it prior to the accident. He testified that the defendant was moving very slowly with his four-way warning flashers operating as well as the usual head and tail lights. Soncek also testified that when he passed the defendant, the defendant signaled with his headlights that the beverage hauler had cleared his vehicle. On cross-examination Mr. Soncek conceded that the vehicle could have been stopped.

Edward Pullins, the driver of the vehicle following the plaintiff, testified that he was driving his truck up the first stage of Beverly Hill, moving up on the preceding vehicles, when the accident occurred. He stated that he saw two freighters (Soncek and Goulden) ahead of him. As he gained on these vehicles, he was able to identify the defendant's vehicle ahead of the other two, and he observed that it had its four-way flashers going. He stated that the vehicle was stopped, but he could not say for what period of time. He also testified that he had observed Soncek's freighter make a wild swing to the left and pass the tanker immediately prior to the accident. He then saw the second freighter (the plaintiff), move toward the left, just getting its wheels on the lane marker, and then returning back to the middle of the outside lane. It was within seconds after the plaintiff pulled back that the collision occurred. On cross-examination Mr. Pullins, questioned about his statement that he was approximately 125 feet behind and to the left of the plaintiff at the time of the occurrence, testified that he could not remember telling a state trooper investigating the accident that he was about 600 feet behind the plaintiff at the time of the mishap.

The defendant driver testified that he was proceeding up the second stage of Beverly Hill, moving at a rate of 10 to 15 miles per hour and that his tanker was fully illuminated, including his four-way flashers. He observed the plaintiff's vehicle coming up behind him and saw the plain-

tiff attempt to move over to the inside lane and then return back to the right hand one. He testified that there was nothing that he could do to avoid the impending collision, because he would have gone over an embankment had he attempted to move to the right, as there was no shoulder at that point on the road. He also testified that prior to being passed by the Soncek vehicle he had not observed the Werner truck behind him, so that he had no opportunity to take any precaution prior to the occurrence.

Plaintiff testified that he had been following Mr. Soncek's truck up the first stage of the hill in the outside lane, when that vehicle made a sudden swing to the left into the passing lane, in order to pass the tanker. He then made an attempt to pass but pulled back, because he feared that the Pullins truck was approaching him from the rear too rapidly in the middle lane. The collision occurred almost immediately after his unsuccessful attempt to pass the tanker.

The Indiana state trooper, Carl Freeman, who investigated the incident, testified that when he arrived on the scene all the lights on the tanker were operative, including the flashers, and that there were no skid marks on the pavement. He also stated that when he later questioned the plaintiff in the hospital, the plaintiff told him that all he could remember about the accident was the lights suddenly appearing in front of his vehicle.

■■ The first issue is whether the trial judge erred in permitting the defendant to file an amended and supplemental answer at the conclusion of all the testimony, which raised the defense that the plaintiff had been following the defendant's truck within 300 feet in violation of an Indiana statute. Plaintiff contends that the amended answer took him by surprise and that he was unable adequately to show that the matters raised in the answer were inapplicable to the factual situation in this case. Section 46(1) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 46 (1)), provides:

> "(1) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand."

This amendment, although made after the testimony was in, was made prior to the entry of the final judgment in this case, and we con-

clude that the trial judge did not abuse his discretion in permitting the defendant to raise the defense of contributory negligence, particularly since it is clear from the record that the asserted defense actually came as no surprise to the plaintiff. We therefore find no merit in this contention and affirm the judgment on the section 72 petition.

■■  The second issue is whether the plaintiff was guilty of contributory negligence as a matter of law.

In the amended answer, the defendant cites Burns Indiana Annotated Statutes, chapter 47-2019(b), IC 1971, 9-4-1-73(b) which reads as follows:

> "The driver of any motor truck or motor truck drawing another vehicle or tractor-trailer combination, when traveling upon a roadway outside of a business or residence district * * * shall not follow within three hundred [300] feet of another motor truck, motor truck drawing another vehicle, or a tractor-trailer combination. *The provisions of this subsection shall not be construed to prevent overtaking and passing, nor shall the same apply upon any lane especially designated for use by motor trucks.*" (Emphasis added.)

At trial, however, the plaintiff testified that the right hand lane of the two eastbound lanes on that particular portion of the highway was designated for use by trucks and slow moving traffic. It is also clear from the material presented in the plaintiff's section 72 petition that that section of the highway was so designated by the Indiana State Highway Commission, and the defendant has offered no evidence to the contrary. Therefore there is nothing in the record to support the conclusion that the plaintiff was contributorily negligent as a matter of law in following the preceding vehicle within 300 feet, in violation of said statute.

The foregoing conclusion, however, does not compel a reversal and leads us to the third issue, which is whether sufficient evidence was presented at trial to require the judge to submit the question of the defendant's negligence to the jury. Both parties concede that the test to be applied to the evidence presented was outlined by our supreme court in the case of *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504, where it is stated at 510, that:

> "Rather, we believe the rule is best which in some form finds favor in other States heretofore indicated and which has, in part, been heretofore recognized in this State. In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

The plaintiff urges that, if the testimony presented is viewed in the

aspect most favorable to his case, there was more than sufficient evidence for the jury to have concluded that the defendant was guilty of negligence as alleged in the complaint. To support this contention the plaintiff cites portions of the Indiana statutes which pertain to the stopping of motor trucks along the traveled portion of a highway. Chapter 47-2120 of Burns Indiana Annotated Statutes reads in part:

"Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, * * *."

And chapter 47-2236 of the same statutes further provides that:

"Whenever any motor truck, passenger bus, truck tractor, trailer, semitrailer or pole trailer is disabled upon the traveled portion of any highway or the shoulder thereof outside of any municipality at any time when lighted lamps are required on vehicles, the driver of such vehicle shall display the following warning devices upon the highway during the time the vehicle is so disabled on the highway except as provided in paragraph (b):

1. A lighted fusee, a lighted red electric lantern or a portable red emergency reflector shall be immediately placed at the traffic side of the vehicle in the direction of the nearest approaching traffic.

2. As soon thereafter as possible but in any event within the burning period of fusee (15 minutes), the driver shall place three (3) liquid burning flares (pot torches), or three (3) lighted red electric lanterns or three (3) portable red emergency reflectors on the traveled portion of the highway in the following order:

(I) One (1), approximately 100 feet from the disabled vehicle in the center of the lane occupied by such vehicle and toward traffic approaching in that lane.

(II) One (1), approximately 100 feet in the opposite direction from the disabled vehicle and in the center of the traffic lane occupied by such vehicle."

Assuming that evidence that one or both of these statutes had been violated would be grounds for letting the jury pass on whether the defendant had been negligent, let us consider the testimony to see whether the plaintiff's assertions can be supported. Chapter 47-2120(a) requires in part that no vehicle shall be parked on the traveled portion of a highway where it is practicable to pull the vehicle off to the side of the roadway. In his testimony, defendant Pollitt emphatically stated that there

was no shoulder on the roadway at the point where the accident occurred, and that even if he had tried to avoid the accident, he would have only fallen over an embankment. There is no testimony in the record to contradict this.

■■ The second statute cited by the plaintiff concerns a requirement that if it is impossible to pull off the traveled portion of a highway, then the driver of the disabled vehicle shall as soon as possible illuminate the vehicle by means of flares and reflectors. Thus even if we draw the most favorable inferences from the testimony, that the defendant had come to a stop on the highway, there is no showing that it was possible for him to have pulled off the highway, as his testimony regarding the shoulder is undisputed. Also, even if he had come to a stop, there is certainly no evidence in the record that he had been stopped for a sufficient period of time to enable him to illuminate a disabled vehicle with flares or reflectors. If anything, the testimony might indicate that he may have come to a momentary stop and he had taken the immediate precaution of illuminating the emergency four-way flashers on his truck. We therefore conclude that, even if the most favorable inferences from the testimony are considered in the aspect most beneficial to the plaintiff, the evidence is not sufficient to support a finding that the defendant was guilty of negligence in the operation of his vehicle and that the court correctly directed the verdict for the defendant.

We therefore affirm both judgments.

Judgments affirmed.

EGAN, P. J., and GOLDBERG, J., concur.